## CITY OF CAMBRIDGE *vs.* COUNTY COMMISSIONERS OF MIDDLESEX.

Where the upper stories of a building were exempt from taxation by Gen. Sts. *c.* 11, § 5, *cl.* 3, (which exempts from taxation the real estate of literary, benevolent, charitable and scientific institutions, occupied for the purposes for which they were incorporated,) and the lower story was not exempt, the assessors taxed the building upon a valuation made by adding the value of the land and foundations to the value of the lower story; but the county commissioners estimated the taxable value at one third the value of the building, and one half the value of the land, and ordered an abatement of the excess. On a petition for a *certiorari, Held*, that it did not appear that the action of the county commissioners was erroneous.

PETITION for a writ of *certiorari*, to quash the proceedings of the county commissioners of the county of Middlesex, abating a tax assessed upon the President and Fellows of Harvard College, by the assessors of Cambridge.

The petition set forth that at a meeting of the county commissioners the President and Fellows of Harvard College presented a petition, representing that they were by Gen. Sts. *c.* 11, § 5, *cl.* 3, exempt from taxation upon the real estate belonging to them, occupied by them or their officers for the purposes for which they were incorporated; that they owned, among other real estate in Cambridge, a building at the corner of Holyoke and Harvard Streets, called Holyoke House, the lower story of which was fitted up for business purposes, and the remaining four stories were used for the purposes of the college; that the assessors of the city of Cambridge have assessed upon them a tax for the lower story and basement, upon a valuation of $81,000; that this valuation and assessment was excessive, and was obtained by adding the entire value of the land under the whole building to the value of the lower story and basement; and that they had applied to the assessors for an abatement which had been refused; that upon a hearing before the county commissioners upon the matters and things set forth in this petition, it appeared that Holyoke House was a nearly new building, five stories in height; that the four upper stories were used as students' dormitories, and that the lower story and basement were leased for other than college purposes; that it was not denied that the four upper stories were exempt from taxation, or that the property leased was subject to taxation, and that there was no dispute as to what particular parts of the building were leased; that a portion of the lower floor was used solely as an entrance to the upper stories; that the assessors had taxed the full value of the land, excepting that part which was under the entrance, which part was not taxed at all, and had taxed the foundations and superstructure up to the second story.

The petition then set forth that the city of Cambridge asked the commissioners to rule, that the method adopted by it was the correct method and rule for arriving at the taxable value of the

property; that the commissioners refused so to rule; that they ordered and decreed that the city of Cambridge remit to the respondents $423, and interest, that sum being in excess, as they said, of a just and fair assessment upon the property; that in arriving at such a result, the commissioners estimated the taxable value of the Holyoke House to be one third of the value of the building, together with one half the value of the land, and no more; that in refusing to rule as requested by the petitioner, and in estimating the taxable value of the land and building as above stated, the commissioners erred in law. The answer of the county commissioners admitted the facts set forth in the petition.

*J. W. Hammond,* for the petitioners.

*G. Putnam, Jr.,* for the respondents.

COLT, J. The upper stories of Holyoke House, a building owned by the President and Fellows of Harvard College, are appropriated to the students, and used for purposes within the college charter; they are therefore exempt from taxation. Gen. Sts. *c.* 11, § 5. The lower story, which is used for other purposes, is not exempt. The question upon this petition for a *certiorari* is whether the rule adopted by the assessors of Cambridge, for ascertaining the taxable value of the last named portion, was erroneously changed by the county commissioners on appeal to them by the college.

The valuation of the assessors was made by adding the value of the land to the value of the lower story, including the foundations, as if there had been a building of only one story, the whole of which was subject to taxation. But the county commissioners estimated the taxable value of the property at one third of the value of the whole building, together with one half of the value of the land, and ordered the city to remit a sum declared by them to be in excess of a just and fair assessment.

The building and land, it is said, must be treated for the purpose of the valuation as an organized whole. The upper stories cannot exist without the land and foundations to support them. Some part of the value of the lower story must enter into the value of the upper stories, while the upper part of the building must in the same way be more or less important and valuable to

the lower. To some extent the land and foundations are appropriated to college purposes, and their whole value cannot fairly or legally be annexed to the lower story of the building.

It was within the authority of the county commissioners to revise an assessment made upon a wrong principle; and it is not shown by the petitioners that any error was made in the rule adopted by them. The principle upon which the apportionment was made is not stated. It may have been made according to the estimated rentable value of each part, or by some other rule equally just and equitable. Their action is not open to revision upon the allegations in this petition. *Petition dismissed.*