ASSESSORS OF BOSTON *vs.* JOHN H. JAKES.

Suffolk.   May 3, 1960. — June 3, 1960.

Present: WILKINS, C.J., SPALDING, COUNIHAN, WHITTEMORE, & CUTTER, JJ.

*Taxation,* Real estate tax: exemption, mortgaged real estate, assessment. *Words,* "Of."

Real estate to which a disabled veteran included in one of the classes set forth in G. L. c. 59, § 5, Twenty-second, had title but which was in the possession of and assessed to a mortgagee was real estate "of" the veteran within that statute and he was entitled to the exemption provided thereby, notwithstanding that under § 11 the mortgagee was "deemed the owner" for assessment purposes.

APPEAL from a decision by the Appellate Tax Board.

*William H. Kerr,* for the assessors of Boston.

*James B. Marcus,* (*Alan S. Barkin* with him,) for the taxpayer.

WHITTEMORE, J.   This is an appeal by the assessors of the city of Boston from the decision of the Appellate Tax Board granting to John H. Jakes, a disabled veteran, an abatement of the 1957 real estate tax on property at 41 Lawrence Avenue, Roxbury.   A statement of agreed facts before the board filed November 10, 1959, shows that Jakes purchased the property on January 23, 1956, and had lived there since; on August 23, 1956, because the first mortgage was in arrears, the second mortgagee, Homes, Inc., made an entry, "taking possession of the premises for the purpose of collecting rents"; as of January 1, 1957, because the mortgagee was then in possession, the assessors assessed the property to Homes, Inc.; on May 17, 1957, possession

was released but on September 4, 1957, the mortgagee made
a second entry for the purpose of collecting rents and still
retains possession; "[o]n January 1, 1957 . . . [Jakes]
had legal title to the property and continues to have legal
title to this day."

The assessors agree that Jakes had an interest in the real
estate and that "the inference to be drawn from his produc-
tion of the receipted tax bill . . . is that he paid the tax"
so that he had standing to institute the abatement proceed-
ings. G. L. c. 59, § 59. *Boston Five Cents Sav. Bank* v.
*Assessors of Boston,* 311 Mass. 415, 419.

General Laws c. 59, § 5, Twenty-second, states certain
exemptions of "[r]eal estate *of* the following classes of
persons . . . [included is a class of disabled veterans which
encompasses Jakes]" (emphasis supplied).

The assessors contend that the real estate was not "of"
Jakes, inasmuch as G. L. c. 59, § 11, provides that "[t]axes
on real estate shall be assessed . . . to the person who is
the owner on January first, and . . . that . . . [e]xcept as
provided in the three following sections, mortgagors of real
estate shall for the purpose of taxation be deemed the own-
ers until the mortgagee takes possession, after which the
mortgagee shall be deemed the owner." The import of
§ 14 is similar.[1] The assessors stress that the mortgagee in
possession is the only person to whom the tax may be as-
sessed, *Davis* v. *Boston,* 129 Mass. 377, 378, and cite a state-
ment in *Boston* v. *Quincy Mkt. Cold Storage & Warehouse
Co.* 312 Mass. 638, 653–654, hereinafter quoted and dis-
cussed.

We think that the requirement of § 11, that the mortgagee
is to be "deemed the owner" for assessment purposes, does
not operate to require that the mortgagor out of possession
be deemed to have no ownership for purposes of the exemp-

---

[1] "Mortgagors and mortgagees . . . shall for the purpose of taxation be
deemed joint owners until the mortgagee takes possession; and until such
possession is taken by a first mortgagee . . . any such mortgagee or mort-
gagor [may obtain] a tax bill showing the whole tax . . . .. If the first mort-
gagee is in possession, he shall be deemed sole owner; and any other mortgagee
in possession shall be deemed joint owner with prior mortgagees."

tion provision so that the real estate ceases to be "of" him, in the common sense of "belonging to or pertaining to" him. Section 11 itself, in the expression "shall be deemed," recognizes that the mortgagor continues to have an interest. Recognition of the significance of such an interest as that of the mortgagor out of possession is implicit in c. 59, § 59, in the provision that "If a person other than the person to whom a tax on real estate is assessed is the owner thereof, or has an interest therein, or is in possession thereof, and pays the tax, he may thereafter prosecute in his own name any application, appeal or action provided by law for the abatement or recovery of such tax, which after the payment thereof shall be deemed for the purposes of such application, appeal or action, to have been assessed to the person so paying the same." The mortgagor's continuing interest is the beneficial ownership subject to the mortgagee's prior security rights. *Ewer* v. *Hobbs,* 5 Met. 1, 3. *Derby* v. *Derby,* 252 Mass. 176, 178. *Boston* v. *Quincy Mkt. Cold Storage Co.* 312 Mass. 638, 648–649. *Guleserian* v. *Pilgrim Trust Co.* 331 Mass. 431, 434. As was said in the *Quincy Mkt.* case, *supra* (p. 649), "In a sense, therefore, the mortgagee and the mortgagor are each the owner in fact of the mortgaged real estate. And the purpose of the general provision relating to the taxation of such real estate is to determine to which of the owners in fact of such real estate the tax thereon is to be assessed in accordance with the principle . . . that ordinarily real estate is to be assessed as a whole . . . ." Section 11 makes possession decisive for assessment purposes as between mortgagor and mortgagee, but it does not operate to diminish the substantial "ownership" of the mortgagor which continues until foreclosure. *Ewer* v. *Hobbs,* 5 Met. 1, 3. The purpose of the exemption would be disserved by the construction sought by the assessors for it is the mortgagor who sustains the burden of any tax which is assessed while his interest exists.

In the *Quincy Mkt.* case the respondent, by virtue of an unrecorded deed from the Commonwealth, was the only owner of any substantive interest in the real estate. The

case held that the land was not exempt from taxation as property of the Commonwealth and that § 11, in giving the right to assess a record owner, did not broaden the exemption right. Conversely here, it does not narrow it. The language from the opinion on which the assessors rely (the last sentence next quoted), read in context, does not state a principle which would exclude from the exemption a mortgagor out of possession. The court said (pp. 653–654), "This statute [c. 59, § 11] . . . relates only to the assessment of taxes . . . . So far as . . . [it] has any bearing upon exemption, such bearing is indirect or derivative. Since, as we hold, this statute for the purpose of assessment is merely permissive and leaves it open to taxing officers to assess real estate to the owner in fact thereof, it can have no broader effect for the purpose of exemption. As the respondent was the 'owner' . . . to whom the tax . . . could be . . . and . . . was assessed, it was also the owner thereof for the purpose of determining whether the respondent when so assessed was entitled to exemption."

The decision of the Appellate Tax Board was right. The tax must be abated as ordered by the board with interest at four per cent per annum from the date of payment, with costs.

*So ordered.*