BOARD OF ASSESSORS OF EVERETT *vs.* MARY FORMOSI & another.

Suffolk. November 2, 1965. — December 7, 1965.

Present: SPALDING, CUTTER, KIRK, SPIEGEL, & REARDON, JJ.

*Taxation,* Real estate tax: exemption.

Real estate owned by an elderly man and his wife as tenants by the entirety and qualifying for the exemption provided by G. L. c. 59, § 5, Forty-first, inserted by St. 1963, c. 808, was entitled to the full $4,000 of the exemption although only a part of the property was occupied by the owners as their domicil.

APPEAL from a decision by the Appellate Tax Board.

*Sydney S. Rosen,* City Solicitor, for the Board of Assessors of Everett, submitted a brief.

No argument or brief for the taxpayers.

CUTTER, J. Michael and Mary Formosi, as tenants by the entirety, owned a building in Everett consisting of two apartments and a store. As of January 1, 1964, it was assessed for $7,500. A tax of $447 was paid. The Formosi family occupied one apartment as their domicil. Formosi, who was born in either 1889 or 1890 and was thus over

seventy years of age on January 1, 1964, seasonably filed his "application for statutory exemption from real estate tax of certain elderly persons," under G. L. c. 59, § 5, Forty-first (hereinafter called "the exemption clause").[1] Formosi's income consisted of Social Security benefits of $130 a month or $1,560 a year and a net income from real estate of $256.60. He acquired the property in 1927. It does not appear to be disputed that he had maintained his domicil in Massachusetts for over ten years.

The assessors recognized the exemption to the extent of $149, which at the tax rate of $59.60 represented $2,500 of assessed value, i.e. one third of the total assessed value. Formosi then appealed to the Appellate Tax Board under the informal procedure (G. L. c. 58A, § 7A, as amended through St. 1945, c. 621, § 3; see *Leen* v. *Assessors of Boston*, 345 Mass. 494, 497) for recognition of the full $4,000 exemption. The board granted a further exemption of $89.40, bringing the total exemption granted up to the full $4,000 mentioned in the statute. The assessors appealed, asserting as ground of appeal that the Formosi family occupy as their domicil "only one-third of the property, a two family house with an attached store, which property is assessed for . . . $7500 . . . [and] that they were entitled to have an exemption only on that portion which they occupied as their domicil, which in this case would amount to one-third of . . . $7500 . . . which is . . . $2500 . . . rather than the full . . . exemption."

---

[1] Section 5, Forty-first, inserted by St. 1963, c. 808 (since amended by St. 1964, c. 681, § 1, in respects not now relevant), reads, "The following property . . . shall be exempt from taxation: . . . Forty-first, Real property, to the amount of four thousand dollars . . . of a person who owns the same jointly with his spouse, either of whom is seventy years of age or over, and occupied by them as their domicile . . . provided (A) that such person (1) has been domiciled in the commonwealth for the preceding ten years, (2) has owned such real property either individually, jointly, or as a tenant in common, for the preceding five years, and (3) had, in the preceding year . . . if married, a combined net income from all sources both taxable and non-taxable with his spouse of less than five thousand dollars, (B) that the total assessed value of all real property owned by such person or his spouse, or by them jointly, does not exceed fourteen thousand dollars and (C) that, in the case of real estate owned by a person jointly or as a tenant in common with a person not his spouse . . . exemption under this clause shall be that proportion of four thousand dollars which the amount of his interest in such property bears to the whole value thereof," subject to a proviso not here relevant.

The pleadings and attached exhibits sufficiently present the facts necessary to raise the only legal issue, viz. whether, where only a part of a parcel of real estate is used as the domicil of a taxpayer entitled to the benefit of the exemption clause, only that proportionate part of the total assessed value is to be eligible for the exemption. The assessors contend that only a proportionate part is to be exempt by analogy to this court's interpretation of other statutory exemptions where only a part of a parcel of land (and the buildings thereon) is used for exempt purposes. See *Proprietors of the South Congregational Meetinghouse in Lowell* v. *Lowell,* 1 Met. 538, 540–541 (house of religious worship with stores on the property) ; *Cambridge* v. *County Commrs.* 114 Mass. 337, 339–340 (upper floors used for college rooms, lower floors, stores) ; *Assessors of Worcester* v. *Knights of Columbus Religious Educ. Charitable & Benevolent Assn. of Worcester,* 329 Mass. 532, 535 (part of building used for exempt charitable purposes of taxpayer, rest of building not so used). See also *William T. Stead Memorial Center* v. *Wareham,* 299 Mass. 235, 239 (part of building used for religious purpose, but some rooms used for nonexempt purposes) ; Nichols, Taxation in Massachusetts (3d ed.) 243 (and Pike and Cohen Supp. 1962, p. 17). No question of constitutionality is before us. See *Opinion of the Justices,* 324 Mass. 724, 732, 734; *Opinion of the Justices,* 344 Mass. 766.

The exemption clause seems to us to create an exemption different in purpose and character from that established by the charitable and religious exemptions under G. L. c. 59, § 5, Third and Eleventh, as amended. Those exemptions are based on what the Legislature has considered to be a desirable use, in the public interest, for a religious or a charitable purpose, and not primarily at least upon the financial status and needs of the owner. The exemption clause (§ 5, Forty-first), on the other hand, rests upon the financial exigencies of the elderly owner and his spouse,[2]

_____

[2] The whole legislative history of St. 1963, c. 808, § 1, makes it plain that the exemption clause was based upon what the Legislature seems to have regarded as financial hardship. The final bill was based on a conference com-

and in some degree resembles the exemptions given to certain deserving and needy veterans, and others (see *Opinion of the Justices,* 324 Mass. 724, 732, 734), by § 5, Twenty-second to Twenty-second C, inclusive (see St. 1962, c. 666, §§ 1–4). It is to be noted that in each of clauses Twenty-second A to Twenty-second C there is a proviso "that if said property be greater than a single family house, then only that value of so much of said house as is occupied by . . . [the person entitled to the exemption as his domicil] shall be exempted." The absence of such a provision in the exemption clause (§ 5, Forty-first) is of some significance. We find in the exemption clause no basis for the apportionment attempted by the assessors. The decision of the Appellate Tax Board was correct and it is affirmed.

*So ordered.*

mittee report (see 1963 Senate Journal, pp. 1887–1888, 1940–1941; 1963 House Journal, pp. 2723–2724) on 1963 House Bill No. 3401 (which in turn had been based on 1963 Senate Bill No. 599 and 1963 House Bill Nos. 562, 1357, 2854, and 2955, each of which proposed some form of tax relief for persons supposed to be needy elderly persons). On October 14, 1963, the Governor had returned 1963 House Bill No. 3401 (as amended, see 1963 Senate Journal, p. 1171, and 1963 House Journal, p. 1492), without his approval, suggesting certain amendments. He described the purpose of the measure as "to provide tax relief for the elderly."