JOSEPH A. KIRBY *vs.* BOARD OF ASSESSORS OF MEDFORD.

Suffolk. January 4, 1966. — March 9, 1966.

Present: WILKINS, C.J., SPALDING, WHITTEMORE, CUTTER, KIRK, SPIEGEL, & REARDON, JJ.

*Taxation,* Real estate tax: exemption. *Real Property,* Ownership. *Trust,* Revocable trust.

Real estate which had been placed by its owner in an amendable, revocable trust for his own benefit during his life was not entitled to the exemption provided by G. L. c. 59, § 5, Forty-first, because such beneficial owner was not the holder of the record legal title, even though otherwise he met all the requirements of the statute.

APPEAL from a decision by the Appellate Tax Board.

*Ralph F. Cahill* for the taxpayer.

*Robert J. Blumsack,* Assistant City Solicitor, for the Board of Assessors of Medford.

CUTTER, J. Kirby on January 1, 1964, was over seventy years old. He was born in Massachusetts. Since 1926, he has had his domicil at 44 Chandler Road, Medford. On November 21, 1957, as owner of that property, he placed it

in trust under a recorded, revocable, amendable declaration of trust of which Mr. Thomas J. Colbert was the trustee. The terms of the trust are summarized in the margin.[1] The simple trust is of a type which an elderly person reasonably might wish to establish to provide for the management of his property.

Kirby received in 1963 an income from all sources of less than $4,000. The total assessed value of his real estate in Medford was less than $14,000.

The assessors valued the property at $7,950 as of January 1, 1964, and assessed to the trustee a tax of $674.16, which has been paid. The assessors refused to abate this tax upon Kirby's claim of the $4,000 exemption contained in G. L. c. 59, § 5, Forty-first, inserted by St. 1963, c. 808, § 1[2] (hereafter for convenience called the exemption clause), recently considered in *Assessors of Everett* v. *Formosi,* 349 Mass. 727, 729–730. Kirby appealed to the Appellate Tax Board. From the board's decision for the assessors, Kirby again appealed. The facts have been stated on the basis of the pleadings and attached papers and a stipulation. As in the *Formosi* case, no constitutional question is before us.

The assessors seem to rely in part upon G. L. c. 59, § 11

[1] The trust was to continue until Kirby's death. There was provision for a named successor trustee, in the event of Mr. Colbert's death or resignation. The trustee was given "full and absolute power to rent, lease, mortgage, or sell the whole or any part of the trust estate upon such terms and conditions as he may deem advisable without applying to any court for permission so to do and no purchaser from the trustee is bound to see to the application of the purchase money." Upon sale the proceeds were to be distributed to Kirby. If the trust should terminate by Kirby's death the trust assets were to be distributed as Kirby by will might appoint, with a gift to Kirby's children in default of appointment.

[2] The provision of § 5 reads in part: "The following property . . . shall be exempt from taxation: . . . Forty-first, *Real Property*, to the amount of four thousand dollars, *of a person* seventy years of age or over and occupied by him as his domicile . . . provided (A) that such person (1) *has been* domiciled in the commonwealth for the preceding ten years, (2) *has owned such real property* either *individually,* jointly, or as a tenant in common, *for the preceding five years,* and (3) had, in the preceding year, a net income from all sources both taxable and non-taxable of less than four thousand dollars . . . (B) that the total assessed value of all real property owned by such person . . . does not exceed fourteen thousand dollars" (emphasis supplied). A third proviso (C) is not relevant to this proceeding. See, however, *Breare* v. *Assessors of Peabody, post,* 391, 392, fn. 1.

(as amended through St. 1958, c. 549, § 2).[3] It is thus necessary to determine whether only property assessed to and occupied by the holder of legal title may be treated as entitled to the benefits of the exemption clause. We assume that the premises were properly assessed to the trustee on January 1, 1964. *Assessors of Boston* v. *Neal,* 311 Mass. 192, 193. Nichols, Taxation in Massachusetts (3d ed.) 264–269 (and Pike & Cohen annotations, pp. 28–31). This, however, does not necessarily mean that an actual or beneficial owner, even if not the holder of record title, may not receive the benefit of the exemption clause. *Assessors of Boston* v. *Jakes,* 341 Mass. 136, 137–139 (mortgagor, a disabled veteran, treated as having sufficient ownership for purposes of an exemption, although the tax was assessed to the mortgagee in possession). In *Boston* v. *Quincy Mkt. Cold Storage & Warehouse Co.* 312 Mass. 638, 653–654, it was recognized that the bearing of § 11 upon exemption was at most "indirect or derivative." In that case, for reasons there stated, an exemption was denied, although it was recognized that the company, which was in practical effect the owner, must be given "the benefit of . . . [the] exemption [there considered] . . . if the statutory language so" required.

Two cases indicate that a charitable institution claiming to be exempt under c. 59, § 5, Third, must have legal title in order to qualify for a real estate tax exemption. In *Assessors of Everett* v. *Albert N. Parlin House, Inc.* 331 Mass. 359, 365, it was held that a charitable corporation, which could not show the validity of a conveyance to it of a small parcel occupied by it for its charitable purposes, was not entitled to claim exemption of that parcel under § 5, Third. *Assessors of Weston* v. *Trustees of Boston College,* 296 Mass. 399, 402–403 (dealing with three charitable entities) indicates that the exemption under § 5, Third, "can be made out only upon the basis of the occupancy of the real estate [by the exempt corporation for its proper corpo-

---

[3] Section 11 reads in part, "Taxes on real estate shall be assessed . . . to the person who is the owner on January first, and the person appearing of record . . . as owner on January first, even though deceased, shall be held to be the true owner thereof," subject to provisos not here relevant.

rate purposes] and the record title.'' See *Animal Rescue League of Boston* v. *Assessors of Bourne,* 310 Mass. 330, 332–337; *Worcester Masonic Charity & Educ. Assn.* v. *Assessors of Worcester,* 326 Mass. 409, 411 (''The strict requirement of § 5, Third, that the charitable organization . . . be the occupant, as well as the owner . . . is not met by an occupation by other charitable organizations''). These cases of course dealt with a clause of § 5 different from that now before us. See also note, 31 B. U. L. Rev. 200, 204; annotations, 138 A. L. R. 116; 168 A. L. R. 1222, 1231; 94 A. L. R. 2d 626, 636.

The exemption clause (§ 5, Forty-first) has recently been interpreted in *Assessors of Everett* v. *Formosi,* 349 Mass. 727, 729–730, where it was said: ''The exemption clause . . . create[s] an exemption different in purpose and character from that established by the charitable and religious exemptions under G. L. c. 59, § 5, Third and Eleventh, as amended. Those exemptions are based on what the Legislature has considered to be a desirable use, in the public interest, for a religious or a charitable purpose, and not primarily at least upon the financial status and needs of the owner. The exemption clause (§ 5, Forty-first), on the other hand, rests upon the financial exigencies of the elderly owner . . . and in some degree resembles the exemptions given to certain deserving and needy veterans, and others.'' Thus, in dealing with § 5, Forty-first, we are not necessarily controlled by decisions strictly applying the somewhat different provisions of § 5, Third.

A revocable trust, of course, transfers to the trustee legal title to the property, subject to the terms of the trust instrument. *National Shawmut Bank* v. *Joy,* 315 Mass. 457, 474–478. For various purposes, the transfer has independent significance. *Second Bank–State St. Trust Co.* v. *Pinion,* 341 Mass. 366, 370–371. Yet the power of amendment and revocation makes the beneficial ownership of the trust property, as a practical matter for many purposes, including some tax purposes, essentially equivalent to outright ownership by the settlor. See cases cited in *Dexter* v. *State Tax Commn. ante,* 380, 385.

Kirby's revocable trust was essentially a dry trust.   The property held in Kirby's trust, because of the power of revocation and amendment, as a practical matter remained subject to Kirby's direction and control as long as he was alive and legally competent.   It is to be assumed that the trustee would not use the power of leasing or selling the house without Kirby's approval, while Kirby continued able to give or withhold approval.   In every beneficial sense, he was its owner.   This is the basis of Kirby's contention that he comes within the exemption clause, for apart from the question to be decided (i.e. whether he must be the holder of record, legal title) Kirby met all other requirements of the exemption clause.

The language (fn. 2) of the exemption clause itself is not wholly clear concerning the problem before us.   It purports to exempt ''Real property . . . of a person'' who meets certain other qualifications.   There is room for doubt whether ''property'' in the quoted language means beneficial ownership or legal ownership.   See the *Animal Rescue League* case, 310 Mass. 330, 332–333.   Similarly, in proviso (A) (2) of the exemption clause (fn. 2) the provision ''has owned such real property . . . individually . . . for the preceding five years'' may refer to legal ownership or may include beneficial ownership.   We must interpret the exemption clause in the light of its apparent purpose, giving due weight to the decided cases already mentioned.

We recognize that the legislative purpose of the exemption (see the *Formosi* case, 349 Mass. 727) rests upon the financial exigencies confronting certain elderly taxpayers. We recognize also that Kirby, as a practical matter, is in circumstances closely similar to those in which other taxpayers of his age with like property and income find themselves.   Nevertheless, he has voluntarily chosen to hold his property in a form which separates the legal title and the beneficial ownership.   The language of § 5, Forty-first, lays some emphasis on ownership (see the italicized language, fn. 2, *supra*).   The language of the exemption clause leads us to follow the indications of the cases under § 5, Third, and to apply the principle of strict construction of exemp-

tion provisions. Accordingly, we interpret § 5, Forty-first, as requiring not only ownership of a sufficient beneficial property interest, but also ownership of a record legal interest, as a condition of obtaining the exemption. We note that, unlike § 5, Third (as amended through St. 1957, c. 500, § 1), which exempts certain real estate held in trust for a charitable organization, § 5, Forty-first, makes no reference to property held in trust for the designated class of elderly taxpayers.

*Decision affirmed.*