MARIA S. COROA *vs.* BOARD OF ASSESSORS OF FALL RIVER.

Suffolk.    March 8, 1968. — May 3, 1968.

Present: WILKINS, C.J., WHITTEMORE, CUTTER, KIRK, & SPIEGEL, JJ.

*Taxation,* Real estate tax: exemption. *Real Property,* Life estate, Tenancy in common. *Tenants in Common.*

Real estate in which an elderly widow had been domiciled for many years and in which on January 1, 1966, she had an interest as life tenant with remainder to her children was entitled to the full exemption provided by G. L. c. 59, § 5, Forty-first, if she was otherwise qualified, although during the "preceding five years" she had had interests in the real estate as joint tenant with her husband, as surviving joint tenant, and as joint tenant with her children, consecutively.

APPEAL from a decision by the Appellate Tax Board.

The case was submitted on briefs.

*Gilbert M. Coroa* for the appellant.

*George T. Bolger,* Corporation Counsel, & *Gilbert E. Poisson,* Special Counsel, for the appellee.

WILKINS, C.J.    This is an appeal from the refusal of the assessors to grant the appellant a full exemption under G. L. c. 59, § 5, Forty-first, for the year 1966 on real estate in Fall River which she occupied as a dwelling.    See St. 1964, c. 681, § 1.[1]    The property was purchased on May 12, 1936, by the appellant and her late husband as joint tenants. On April 26, 1962, the appellant, as surviving joint tenant, conveyed the property to herself, her son, and her daughter as joint tenants.    She had been domiciled at the locus since 1936.    On January 1, 1966, she was so domiciled occupying one third of the premises.    On December 21, 1965, the appellant, with her son and daughter, conveyed the locus to the appellant for life, with remainder to the son and to the daughter.    On January 1, 1966, the appellant

---

[1] See § 5, Forty-first, as now appearing in St. 1966, c. 728.

held a life tenancy, and was seventy years of age. The appellee board valued the locus at $5,700 on that date, and assessed to the appellant a tax at the rate of $107.40 per $1,000 in the amount of $612.18. This the appellant paid on October 24, 1966. On December 12, 1966, she applied to the appellee board for an exemption under G. L. c. 59, § 5, Forty-first, in the amount of $4,000. On December 16, 1966, the appellee board notified the appellant of its decision to grant a partial exemption in the amount of $1,350.

The case was heard on a statement of agreed facts by the Appellate Tax Board, which filed a decision for the appellee board. The appellant appealed to this court.

The applicable exemption under § 5, Forty-first, as appearing in St. 1966, c. 728, provides in material part: "Real property, to the amount of four thousand dollars . . . of a person seventy years of age or over and occupied by him as his domicile, or of a person who owns the same jointly with his spouse, either of whom is seventy years of age or over, and occupied by them as their domicile or of a person seventy years of age or over who owns the same jointly or as a tenant in common with a person not his spouse and occupied by him as his domicile; provided . . . that such person . . . has owned such real property either individually, jointly, or as a tenant in common, for the preceding five years . . . ."

In *Assessors of Everett* v. *Formosi*, 349 Mass. 727, it was said that the exemption in § 5, Forty-first, "rests upon the financial exigencies of the elderly owner" (p. 729). The holding was that where only part of the real estate is used as the domicil of the taxpayer entitled to the benefit of the exemption clause, the exemption was not restricted to the proportionate part so used.

In *Breare* v. *Assessors of Peabody*, 350 Mass. 391, the real estate was assessed to one Skerry to whom Breare, the grantor, had given a warranty deed, reserving a life estate to himself. It was held that "Breare has a sufficient property interest . . . as tenant in common during his life, to

entitle him to the recognition of the exemption of that interest under c. 59, § 5, Forty-first" (p. 393).

The reason for the assessors' action was that the appellant had not held the property in precisely the same manner "for the preceding five years." But she had held some interest since 1936, first as joint tenant with her spouse, from 1962 to 1965 as joint tenant with her two children, and since December 21, 1965, as a life tenant, with remainder to her children. These interests are among the three categories enumerated in § 5, Forty-first. The board's decision is at variance with the actual ruling, if not the discussions, in the *Breare* case. It also is not in accord with the purpose of aiding the elderly owner, as stated in the *Formosi* case. The supposed reason for a restrictive interpretation, as argued by the assessors, namely to avoid wholesale transfers by nonqualifying individuals to otherwise qualifying elderly persons, does not apply to the facts in the case before us.

*Decision reversed.*