MARY A. COADY *vs.* BOARD OF ASSESSORS OF FALL RIVER.

Suffolk.    March 8, 1968. — May 3, 1968.

Present: WILKINS, C.J., WHITTEMORE, CUTTER, KIRK, & SPIEGEL, JJ.

*Taxation,* Real estate tax: exemption. *Real Property,* Life estate, Tenancy in common, Transfer through conduit. *Tenants in Common.*

Real estate in which an elderly widow had been domiciled for many years and in which on January 1, 1966, she had an interest as life tenant was entitled to the full exemption provided by G. L. c. 59, § 5, Forty-first, if she was otherwise qualified, although during the preceding five years she and her sons as joint tenants had "conveyed the title to a conduit who concurrently transferred record title back" giving her the life estate with remainder to her sons.

APPEAL from a decision by the Appellate Tax Board.

The case was submitted on briefs.

*James W. Killoran* for the appellant.

*George T. Bolger,* Corporation Counsel, & *Gilbert E. Poisson,* Special Counsel, for the appellee.

WILKINS, C.J.    This appeal from the refusal of the assessors to grant an exemption under G. L. c. 59, § 5, Forty-first, for the year 1966, closely resembles *Coroa* v. *Assessors of Fall River, ante,* 235.    The appellant is a widow over seventy years of age on January 1, 1966, who for more than ten years has been domiciled in the property.    From 1924 to his death in 1946 the appellant and her late husband had owned the locus as joint tenants.    In 1947 she conveyed the property to herself and her two sons as joint tenants "for convenience in the event of her death."    On September 1, 1965, the appellant and her sons "conveyed the title to a conduit who concurrently transferred record title back" giving her a life estate with remainder to the sons.    The appellee board valued the locus at $6,050 on January 1, 1966, and assessed the appellant a tax of $649.77.    The appellant applied for a full exemption of $4,000 under § 5, Forty-first.    The appellee board granted a partial exemption of one third of that amount.

The case was heard on a statement of agreed facts by the Appellate Tax Board, which filed a decision for the appellee board.    The appellant appealed to this court.

The only distinction from the *Coroa* case is not one of substance, and it is wisely not raised by the appellee board. This is the conveyance through a conduit which resulted in a transfer of instantaneous seisin.    The appellant's continuous occupation was not interrupted.    The seisin of the conduit was "a mere fiction and an invented form of conveyance only."    *Hazleton* v. *Lesure,* 9 Allen, 24, 26 (Gray, J., quoting Lord Chief Justice Vaughan).    See *Holbrook* v. *Finney,* 4 Mass. 566, 568; *King* v. *Stetson,* 11 Allen, 407, 408.    See also 2 Blackstone, Commentaries (1st ed.) p. 102; Co. Lit. 31 b; Am. Law of Property, § 5.12.

*Decision reversed.*