BOARD OF ASSESSORS OF CAMBRIDGE *vs.* SEBASTIANO
BELLISSIMO & another.

Suffolk.    March 4, 1970. — April 6, 1970.

Present: WILKINS, C.J., SPALDING, KIRK, REARDON, & QUIRICO, JJ.

*Taxation,* Real estate tax: exemption. *Real Property,* Ownership, Trans-
fer through conduit.

Real estate which an elderly married couple had owned and occupied for
  many years when they conveyed it to their son as a straw, who on the
  same day conveyed the property to his parents as trustees of a trust
  of which they were the life beneficiaries, was entitled in a subsequent
  year to the full exemption provided by G. L. c. 59, § 5, Forty-first,
  where it appeared that the parents satisfied the age, domicil and in-
  come requirements thereof, although the conveyances had occurred
  during the five years preceding the year of exemption and the deed to
  the parents as trustees had not been acknowledged or recorded until
  some weeks after it had been executed.

APPEAL from a decision by the Appellate Tax Board.

*Philip M. Cronin,* City Solicitor, for the Board of Assessors
of Cambridge, submitted a brief.

*Domenic J. F. Russo* for the taxpayers.

SPALDING, J.    This is an appeal from the Appellate Tax
Board's (board) decision granting an exemption under
G. L. c. 59, § 5, Forty-first (inserted by St. 1963, c. 808, § 1),
for the year 1967 on real estate in Cambridge occupied as a
dwelling.

The case was heard by the board on a statement of agreed
facts.

Sebastiano and Josie Bellissimo (taxpayers) acquired on
September 1, 1920, as joint tenants, real estate in Cam-
bridge which they have occupied ever since.    On February 13,
1964, the taxpayers conveyed the property by quitclaim
deed to their son, Joseph J. Bellissimo.    That same day
Joseph executed a deed conveying the property to the
taxpayers as trustees, and life beneficiaries, with full power

to sell, lease, or mortgage the premises during their lives, or during the life of the survivor.   On the death of both taxpayers, the trust terminated.   The property was then to be divided equally among the taxpayers' children.   This deed, however, was not acknowledged until April 6 or recorded until May 1, 1964.   The taxpayers, who satisfy the age, domicil and income requirements of § 5, Forty-first, filed with the assessors on October 3, 1967, an application for the exemption provided by that section for the year 1967. From the assessors' refusal of the exemption, the taxpayers appealed to the board.

The sole issue is whether the taxpayers' conveyance through a straw to themselves as trustees and life beneficiaries under terms of a trust precludes a tax exemption because of the five year ownership requirement.   Section 5, Forty-first, as appearing in St. 1966, c. 728, grants an exemption from taxation of real property of a person who meets certain age, income and domicil criteria "provided (A) that such person . . . has . . . *owned* such real property either individually, jointly, or as a tenant in common, for the preceding five years . . ." (emphasis supplied).[1]   The assessors argue that the decision in *Kirby* v. *Assessors of Medford*, 350 Mass. 386, requires a denial of the exemption. There a taxpayer, otherwise qualified for the exemption, conveyed the property to a trustee under a recorded, revocable, amendable declaration of trust, with power in the trustee to rent, lease, mortgage or sell the property.   Noting that the taxpayer "has voluntarily chosen to hold his property in a form which separates the legal title and the beneficial ownership," we interpreted § 5, Forty-first, as requiring "not only ownership of a sufficient beneficial property interest, but also ownership of a record legal interest, as a condition of obtaining the exemption." 350 Mass. 390, 391.   Since the taxpayers here hold legal title, as well as the beneficial ownership, the *Kirby* case is not controlling.   Rather, we must decide whether an inter-

[1] The exemption is "to the amount of four thousand dollars or the sum of three hundred and fifty dollars of actual taxes due, whichever is the greater."

ruption in continuous legal ownership, however short, destroys the exemption. Here a reconveyance to the taxpayers was executed the same day, though the deed was not recorded until May 1, 1964. It is agreed that Joseph J. Bellissimo was acting as a straw in order to facilitate an alteration in the form of legal ownership that might have been void if done directly. In *Coady* v. *Assessors of Fall River*, 354 Mass. 237, the conveyance to a conduit who concurrently transferred record title back was held not to destroy the exemption, even though a transfer of seisin occurred. There, as here, the appellant's continuous occupation was not interrupted. Here, as in that case, the seisin of the straw was also a fiction, designed solely to allow a conveyance which might, if attempted by another route, be void. This conclusion accords with the statutory purpose, which is to ameliorate the financial exigencies of elderly taxpayers. *Assessors of Everett* v. *Formosi*, 349 Mass. 727. We hold that the brief hiatus in legal ownership, which occurred during continuous occupation of the locus, and solely as a means to alter the form, but not the fact, of legal ownership, did not destroy the exemption.

*Decision of Appellate Tax Board affirmed.*