EMHART CORPORATION *vs.* STATE TAX COMMISSION.

Suffolk. February 6, 1973 — April 3, 1973.

Present: TAURO, C.J., QUIRICO, BRAUCHER, KAPLAN, & WILKINS, JJ.

*Taxation,* Corporate excise, Exemption. *Corporation,* Reorganization.

A corporate taxpayer was not entitled to a five-year tax exemption under G. L. c. 63, § 30, cl. 7, for machinery and equipment acquired from subsidiary corporations in 1963, 1965, and 1966 by merger of those corporations into the taxpayer. [430–432]

APPEALS from a decision of the Appellate Tax Board.

*Mark A. Michelson (John Dane, Jr.,* with him) for the taxpayer.

*Lawrence T. Bench,* Assistant Attorney General, for the State Tax Commission.

BRAUCHER, J. This case comprises three consolidated appeals by the Emhart Corporation (the taxpayer), a Connecticut corporation, from a decision of the Appellate Tax Board. The taxpayer applied for abatements of its corporation excise for 1963, 1965, and 1966, claiming an exemption for certain of its machinery and equipment under G. L. c. 63, § 30, cl. 7, as in effect in the years in question.[1] St. 1962, c. 756, § 2. St. 1966, c. 698, §§ 47,

---

[1] "The value of a corporation's tangible property taxable under clause (1) of subsection (a) of section thirty-two or thirty-nine shall be the adjusted basis, as defined under the applicable provisions of the Federal Internal Revenue Code, as amended and in effect [on January first, nineteen hundred and sixty-two], of such of its tangible property situated in the commonwealth on the last day of the taxable year as is not subject to local taxation nor taxable under section sixty-seven, except as hereinafter provided. Where the value, as hereinbefore defined, of a corporation's machinery and equipment having a useful life of eight years or more and situated in the commonwealth on the last day of the taxable year as is not subject to local taxation exceeds the sum of the value, as hereinbefore defined, of such of its machinery and equipment so situated on the last day of the taxable year ending on or immediately after December thirty-first, nineteen hundred and sixty-two, plus the amounts that had previously qualified for exemption from taxation for five preceding taxable years,

87. The State Tax Commission denied the abatements, and the denial was upheld by the board. The facts are stipulated.

The sole issue presented is whether the taxpayer is entitled to the exemption with respect to machinery and equipment acquired from subsidiary corporations by merger of those corporations into the taxpayer. Before 1963 the taxpayer owned no machinery or equipment in Massachusetts. During 1963 it acquired machinery and equipment in Massachusetts from the Savage Arms Corporation, a Delaware corporation two-thirds of whose stock was owned by the taxpayer, when the Savage Arms Corporation was merged into the taxpayer. The property so acquired was thereafter operated as the Savage Division of the taxpayer. In 1966 two Massachusetts corporations, all of whose stock had been acquired by the taxpayer, were merged into the taxpayer, and machinery and equipment in Massachusetts acquired in the mergers were operated as the Plymouth Division. There was no showing that any of the merged corporations had property before merger to which the statutory exemption applied.

It is stipulated that early in 1964 the Deputy Commissioner of Corporations and Taxation announced, "The exemption will not apply to tax-free reorganizations or similarly controlled taxable entities." In Barrett and Bailey, Taxation (2d ed. 1970) § 829, the following appears: "One tax scheme talked about is reincorporation of machinery and equipment, with long lifetimes, after the first 5 years, by organizing new subsidiaries or otherwise, in order to run the property through a second 5-year exemption period. The Commissioner adminis-

the excess shall be exempt from taxation under clause (1) of subsection (a) of section thirty-two or thirty-nine for five consecutive taxable years to the extent of the excess, if any, in each of said five consecutive years; provided, however, that the value, as hereinbefore defined, of such of its machinery and equipment includable under clause (1) of subsection (a) of section thirty-two or thirty-nine shall not be less than five thousand dollars. . . ." Effective for taxable years ending on or after December 31, 1966, the 1966 amendment substituted for the bracketed words the words "for the taxable year."

tratively rejects this device." In 1969 the commission reported to the Legislature, "In actual operation, the exemption has given an unwarranted advantage to corporations which participate in a merger, consolidation or other reorganization. By reason of a change in business form, the reorganized corporation can qualify for a greater exemption than its predecessor corporation had. This defeats the original object of the exemption which is to encourage more investment in this state." The commission recommended an amendment under which the successor corporation in such a case would use the same base in computing the exemption as the predecessor corporation. 1969 House Doc. No. 205, par. 17. The Legislature enacted such an amendment to G. L. c. 63, § 30, cl. 7, effective for taxable years ending on and after December 31, 1969. St. 1969, c. 539, §§ 1, 2.[2] The board was of the opinion that the 1969 amendment was declaratory of the Legislature's original intent.

The statute granted the exemption for the increase in "value," after December 31, 1962, of the "corporation's machinery and equipment" in a defined category. "Value" means the "adjusted basis" as defined in the Federal Internal Revenue Code of 1954. The mergers involved in this case did not change the "adjusted basis" of the property in issue. 26 U. S. C. §§ 362 (b), 368, 1011 (1958). The statutory purpose was "to stimulate investment in machinery and equipment and to promote new industry in the Commonwealth." *State Tax Commn.* v. *M S F Leasing Corp. post,* 876. That purpose is in no way served by granting the exemption solely by virtue of a

---

[2] "In the event of the merger, consolidation or other reorganization of any corporation which qualifies for a machinery and equipment exemption under this paragraph, the base for purposes of computing such exemption of any successor corporation shall not be less than the sum of the bases of each of the predecessor corporations prior to the merger, consolidation or other reorganization. The number of taxable years that any amount of such machinery and equipment has been exempt to the predecessor corporations shall be taken into account in computing the five-year exemption to the successor corporation." By St. 1970, c. 634, §§ 1, 6, the exemption was repealed except to the extent that a corporation qualified for it before the repeal.

tax-free reorganization which does not increase investment in machinery and equipment in Massachusetts.

The statute could be read, if its purpose were ignored, to grant the exemption on the facts of the present cases. A more plausible reading would deny any exemption claimed by virtue of the acquisition of property in a reorganization, even though a predecessor corporation qualified for it and then ceased to exist. Since no reference was made to mergers or other reorganizations until the 1969 amendment, and since the Federal law referred to contained elaborate provisions for such cases,[3] it could be argued that the Legislature did not intend to provide for them at all. Such a result would be consistent with the general rule that exemptions from taxation are to be strictly construed. *Kirby* v. *Assessors of Medford,* 350 Mass. 386, 390–391.

We think, however, that the statute "must be fairly construed and reasonably applied in order to effectuate the legislative intent and purpose to promote the general welfare of the Commonwealth by inducing new industries to locate here and to foster the expansion and development of our own industries, so that the production of goods shall be stimulated, steady employment afforded to our citizens, and a large measure of prosperity obtained." *Assessors of Boston* v. *Commissioner of Corps. & Taxn.* 323 Mass. 730, 741. *Franki Foundation Co.* v. *State Tax Commn.* 361 Mass. 614, 617–618. This means that a mere paper transfer, affecting only the form and not the facts of ownership and use, and not changing the "adjusted basis" of the property in question, neither adds to nor subtracts from the exemption otherwise available.

The decision of the Appellate Tax Board is affirmed with costs of appeal to the State Tax Commission.

*So ordered.*

---

[3] Int. Rev. Code of 1954, §§ 48 (c), 179 (d), (2) and (7), 381 (a) and (c) (23), 1504 (a), as amended through 1962.