Staff, J.
The petitioner brought a petition for review in the Brookline District Court of an order of the Brookline Rent Control Board denying a Certificate of Exemption under the Brookline by-law[2]. The plaintiff-landlord had sought an order that she was entitled to a Certificate of Exemption because she claimed that her premises constituted an owner-occupied three-family house and were thus exempt from rental control. Under the by-law, all rental units in Brookline are subject to control with certain exception among which is the following exceptions: "the rental unit or units in an owner-occupied two-family or three-family house.” [Section 3(b)(5)]
The reviewing judge affirmed the decision of the Brookline Rent Control Board. We are called upon to determine whether there was prejudicial error in *51 the judge’s ruling and we perceive none.
The enabling statute (St. 1970, c. 843) applicable here provides for limited judicial review under the State Administrative Procedures Act. G.L.c. 30A, § 14, “[T]he court's proper role is not to take evidence afresh... but is rather to decide whether the board's decision was supported by the facts before it and was legally justifed.” Sherman v. Rent Control Board of Brookline, 367 Mass. 1, 10 (1975); Moulton v. Brookline Rent Control Board et al. 1981 Mass. App. Dec. 8, 10.
The Rent Control Board made written findings of fact as follows:
1. 18 and 20 Dean Road is one attached brick apartment building.
2. Paula Wood-Dyer purchased 18 and 20 Dean Road on May 23, 1980.
3. In July, 1980, the first floor and basement apartments were combined.
4. Paula Wood-Dyer has resided at 18 Dean Road since September, 1980.
5. On March 12, 1981, Paula Wood-Dyer conveyed 20 Dean Road to Nelson Wood, her brother, for a nominal consideration. ($1.).
6. Rent checks for both 18 and 20 Dean Road are made out to Paula Wood-Dyer and are deposited in one bank account.
7. All bills for both 18 and 20 Dean Road are paid out of one bank. The checks for this account are signed by either Paula Wood-Dyer and/or Richard Dyer.
8. One mortgage was given for both 18 and 20 Dean Road.
9. 18 and 20 Dean Road share one large oil tank, but have separate oil burners.
10. 18 and 20 Dean Road are connected by a passageway in the basement which is now closed off by a stationary metal door.
11. There is a firewall between 18 and 20 Dean Road.
12. 18 and 20 Dean Road were included in one Landlord Petition for Adjustment of Rent, Docket #7516, filed July 17, 1980.
The trial judge examined the forty-five page Official Record of proceedings before the defendant Board and stated that "the Court is unable to discern any particular in which a factual finding reached by the Board was not supported by 'substantial evidence.’ Nor does the plaintiff challenge any subsidiary finding as having been made without warrant."
The enabling statute (St. 1970, c. 843) in section five provides for original concurrent jurisdiction for review of the Board’s action either through the Supreme Court Department or through the District Court Department.
Judicial review does not entitle a party to a trial de novo. The reviewing court cannot substitute “its own evidentiary hearing for that already conducted by the rent control board." Zussman v. Rent Control Board of Brookline, 371 Mass. 632, 637, (1976). Having chosen the forum, the plaintiff has also chosen the appellate route since different channels appertain. See Sherman v. Rent Control Board of Brookline, supra note 9, at 7.
The report itself says that the plaintiff' 'contends that the decision and order of the Rent Board and the Judgment of this Court are incorrect as a matter of a law and unsupported by substantial evidence, and that the [pjlaintiff claim[s] to be aggrieved by the judgment of this Court...” This language alone does not present a question of law to be ruled upon by the Appellate Division.
The function of judicial review of the administrative decision of the control board is not to supersede administrative judgment, but to insure compliance with specific requirements of law and fair procedure within the proper limits of the delegated authority.
The function of appellate review of a judgment of a district court reviewing an administrative finding is to determine whether prejudicial error has occurred and, if so, to correct it.
A brief statement of the nature and standard of appellate review in this sort of *52 case may be in order since one of the defendants[3] asserts that because plaintiff filed no requests for rulings the appellate division may not consider the case [citing Mass. General Hospital v. City of Quincy, 348 Mass. 791 (1965)].
In Zussman v. Rent Control Board of Brookline, supra at 641, Justice Wilkins in his concurring opinion points out that in dealing with facts and findings found in the board’s record, the appellate court should be entitled to its own judgment, since the “court is conducting an analysis of the same agency record, and there is no reason why the first court’s view should be given any special weight.”
The same record of the board that was before the trial judge is before us. Just as it is unnecessary to file formal requests for rulings as to a trial court’s rulings on motions, so too it is unnecessary to file requests in this sort of case in order to obtain appellate review. The appellate division is in a similar position as it would be in deciding a case upon an agreed statement of facts.
We have reviewed the record and find no prejudicial error of law.
Accordingly, the judgment is affirmed.

 Rental and Eviction Control By-Law Article 38 of the By-Laws of the Town of Brookline.

 Phillip Cowan.