Black, J.
This is an action for judicial review of the decision of the trial judge annulling the defendant’s decision granting an exemption from rent control of the property owned by the defendant-landlord, Walter Kwan and Sharon Wong.
On May 31, 1983, Walter K. Kwan and Sharon H. Wong applied to the *203 Brookline Rent Control Board for a Certificate of Exemption with reference to their property at 11 Babcock Street, Brookline, Massachusetts. The property was described (in the application) as an “owner-occupied 3-family dwelling”, with the applicant-owners living in the third floor unit. The affidavit accompanying the application disclosed that the applicants had acquired the property on May 26,1983, as joint tenants. A hearing was duly held on July 20, 1983, at which time the plaintiff, Jack N. Entis, and his attorney, appeared in opposition to the application. Counsel for the plaintiff contended that the Certificate of Exemption could not be granted under Article XXXVIII, Section 3(b)(5) of the Brookline Rent and Eviction Control By-Law because the building had been a four or more unit building on August 20,1982. The Board made several findings of fact, including the fact that the property was then, and had been a three-family house regardless of the fact that said property had been owned jointly with 9 Babcock Street by a succession of individuals immediately preceeding the conveyance of the property to the applicant. Therefore, the Board concluded that the property was exempt from rent control as an owner-occupied three-family house under Sections 3(b)(5). Accordingly, a Certificate of Exemption was issued by the Brookline Rent Control Board on August 9, 1983.
The plaintiff, on September 12, 1983, filed a Complaint in the Brookline Division, seeking judicial review of the Brookline Rent Control Board’s issuance of the Certificate of Exemption, alleging that the Board’s decision was “arbitrary and capricious, unlawful and against the evidence.” Both the Rent Control Board and the applicant-owners, Walter Kwan and Sharon Wong were named parties defendant. The Brookline Rent Control Board answered by denying that its decision was arbitrary and capricious, unlawful and against the evidence and asserting that its decision was supported by substantial evidence. It requested that its decision be affirmed. The defendants, Walter Kwan and Sharon Wong, filed a similar answer.
The trial judge entered a judgment on May 31,1984, annulling the Board’s decision and remanding the case to the Board for additional findings of fact. In an attached memorandum, the court alluded to Section 3(b)(5) of Article XXXVIII and pointed out that findings as to several subsidiary facts were necessary and noted that there appeared to be some inconsistencies in the Board’s findings of fact and its decision to grant the Certificate of Exemption.
The Board issued a new Certificate of Exemption dated July 31, 1984, together with the following findings of fact:
1. 11 Babcock Street is a three-family house.
2. 11 Babcock Street is separated from 9 Babcock Street, another three family house, by a 12-inch party wall, is a separately assessed parcel of land on a separate block/lot, has separate heating and electric systems, and a separate entryway.
3. Applicants purchased 11 Babcock Street as joint tenants on May 26,1983.
4. Applicants own no other real property in the Town of Brookline or elsewhere.
5. Applicants now occupy the third floor of 11 Babcock Street.
6.9 and 11 Babcock Street were, immediately prior to the sale of 11 Babcock Street to the applicants, owned jointly by Robert Rook and Richard Rabino, assessed by the Town as one parcel, and under one heating system.
7.9 and 11 Babcock Street were owned and conveyed jointly by a succession of parties back to March 11, 1939 when one Martin L. Bragg purchased both properties by separate deed.
8. Each of the above mentioned deeds referred to the common wall of 9 *204 Babcock Street and 11 Babcock Street as a “12-inch wall”.
9. Prior to 1936, the owners of 11 Babcock Street and 9 Babcock Street were different individuals who were not related in any way.
10.11 Babcock Street is an owner-occupied, three-family house.
11.11 Babcock Street is, and was, a three-family house regardless of the fact that said property was owned jointly with 9 Babcock Street by a succession of individuals immediately preceeding the conveyance of said property to applicants.
12. Previous to the conveyance of 11 Babcock Street to Walter Kwan and Sharon Wong on May 26,1983,9and 11 Babcock Streetwere considered bythe Board to be two separate three-family buildings which were attached and operated as a single economic entity by one owner, and which, for administrative purposes, were registered with the Brookline Rent Control Board as one property.
13. 9 and 11 Babcock Street are not considered bythe Board to be a single building physically containing four or more units.
14. Walter Kwan and Sharon Wong began occupancy of 11 Babcock Street on or about May 29,1983.
15. Since May 26, 1983, 11 Babcock Street has been owned, operated and managed separate from the adjoining property at 9 Babcock Street.
The Board also made determination of issues of law as follows:
1. For the purpose of applying the amendment to § 3(b)(5) of Article 38, the Board considers the term “four or more unit building” to mean a single building which itself physically contains four or more units, and not a building which together with an attached building collectively contains four or more units.
2. The clear intent of the amendment to § 3(b)(5) of Article 38 is to eliminate any incentive for owners of four or more unit buildings to combine units within their buildings, removing such units from the rental housing stock, for the sole purpose of obtaining an exemption for said buildings and is not to deny exemption to legitimate owner-occupants of three-family houses. (See legislative history set forth in Reports of Selectmen and Advisory Committee for November 9,1982 Special Town Meeting, pg. 6-4, a copy of which is attached herewith to this decision.)
3. The amendment to §3(b)(5) of Article 38, effective February 24, 1983, which states that the owner-occupied two and three-family exemption “. . . shall not apply to a building which was a four or more unit building and which became an owner-occupied two-family or three-family house after August 20, 1982” does not prevent an owner-occupied three-unit building, formerly owned and operated jointly with an attached three-unit building, from being exempt by operation of §3(b)(5) if said three-unit building subsequently becomes owned and operated as a separate economic entity.
In support of its determination of law, the Board included as part of its Supplemented Official Record a copy of the Reports of Selectmen and Advisory Committee to the Special Town Meeting held Tuesday, November 9, 1982, indicating that the primary purpose of the 1982 amendment to 3(b)(5) was to prevent conversion of four-unit buildings to three-unit buildings in order to avoid rent control.
The plaintiff thereafter, filed a Motion For Further Appellate Review, contending that the Board’s decision was again “arbitrary and capricious, unlawful and against the weight of the evidence, and not in compliance with the judgment of the Court herein”. The plaintiff further objected to the contents of the Supplemented Official Record, particularly the Reports of Selectmen and Advisory Committee.
*205 On November 27,1984, the trial judge, filed a new Judgment annulling the Board’s certification of 11 Babcock Street as being exempt from rent control, stating among other things that the Board’s conclusions are in conflict with the “economic reality” of the situation presented.
Due to the proliferation of issues that seem to pervade these cases when presented for appellate review, we think it important not to lose sight of the facts that the primary matter for determination where the Board’s decisions' are subjected to judicial scrutiny is whether the Board’s decision is supported by substantial evidence [Paula Wood-Dyer v. Brookline Rent Control Board, 1983 Mass. App. Div. 50; Kahn v. Brookline Rent Control Board, 392 Mass. 390-393 (1985)]. It is not the function of judicial review to supersede administrative judgment, but rather, to insure compliance with specific requirements of law and fair procedure within the proper limits of the delegated authority. In short, was the decision of the Board in this case in granting the Certificate of Exemption with reference to the property located at 11 Babcock Street, Brookline, Massachusetts, supported by substantial evidence, and not based on any error of law.
The appellate record discloses that the title examiner who conducted the title examination relative to the subject property at the time it was acquired by the present owners determined that the building located at 9 and 11 Babcock Street had been “originally built as separate properties” with a 12-inch party wall (Exhibit 4 of official record of July 20,1983, hearing-pp. 30-63 of appellate record). That from the time the properties were originally constructed (precise date unknown) until sometime in the mid-thirties, the two parcels were owned separately and operated as entirely separate entities. From 1936 until the present owners acquired 11 Babcock Street in 1983, both properties were under joint ownership. The Board also received evidence, and found as a fact that the two properties had separate heating and electrical systems, as well as separate entryways (see “Statement of Reasons”, No. 3, page 16, appellate record). The Board, after making several other findings of fact, concluded that “11 Babcock Street is, and was, a three-family house regardless of the fact that the said property was owned jointly with 9 Babcock Street by a succession of individuals immediately preceeding the conveyance of the said property to the applicants.” (Underlining supplied, p. 16, appellate record).
Upon judicial review, the case was remanded to the Board for further findings of fact, more especially as to the status of the property on August 20, 1982, under the provisions of Section 3(b)(5) of Article 38 of the By-Laws of the Town of Brookline (see pp. 81 A-85, appellate record). The Board reaffirmed its earlier decision and made the findings of fact and rulings of law hereinbefore set forth (see also pp. 88-89, appellate record). Upon further judicial review, the Board’s decision granting the Certificate of Exemption was annulled, and is here for further judicial review.
We conclude that the annullment of the Board’s decision granting the Certificate of Exemption was erroneous inasmuch as the decision of the Board is clearly supported by the evidence and not based upon any error of law. In this connection we would point out that in the recent case of Kahn v. Brookline Rent Control Board, supra, at 393, the Supreme Judicial Court reiterated that “substantial evidence” is “such evidence as a reasonable mind might accept as adequate to support a conclusion.” The Supreme Judicial Court also noted that “we are required to give due weight to the experience, technical competence, and specialized knowledge of the [Board], as well as to the discretionary authority conferred upon it.” Based upon our review of the entire record, including the history of 11 Babcock Street, and its various uses *206 over the years, and its physical characteristics on August 20, 1982, and all other dates material to these proceedings, we believe that the Board’s decision is clearly supported by substantial evidence.
We would hasten to add that the trial judge’s decision annulling the Board’s decision appears to be based upon what is described as an “economic reality” test. We nowhere find this test as having been suggested by this court, the Appeals Court or the Supreme Judicial Court as a valid test for judicial review of Rent Control Board decisions. While the concept may have a proper role in some factual determinations by the Board, the primary question is the physical characteristics of the structure not the economic relationship of the parties. In this connection, we note that the Appeals Court recently struck down an attempt to predicate entitlement to a rent control exemption under the Cambridge Rent Control Act on the relationship of the persons who occupy the property rather than the physical characteristics of the property [Martin v. Rent Control Board of Cambridge, 19 Mass. App. Ct. 745, 746-748]. The Appeals Court’s analysis of the case suggests that to focus on the building’s occupancy rather than its structural design might subvert the statutory objectives of rent control. We find the same fault with the so-called “economic reality” test propounded by the reviewing justice in this case.
Judgment is reversed and the decision of the Brookline Rent Control Board granting the exemption from rent control is hereby affirmed and ordered re-instated.