Black, P..J.
This is an action for appellate review of a judge's order affirming an order of denial of a Certificate ofKxemption to the plaintiffs. Joanne M. Kinehla and Michael Lebner, as Trustees of the 81 Perry Street Trust (“the Trust”) by the defendant., The Brookline* Rent Control Board ("the Board”).
A review of the record discloses that on April 22, 1985 t he plaintiffs applied to the Board for a Certificate[1] ofKxemption with respect to property located at •‘31 Perry Street, Brookline, Massachusetts, alleging that the property in question was “an owner-occupied two-lamily or three-family house", and therefore exempt, from rent control under the applicable provisions of the Town of Brookline Rent. Control Law.[2]
A hearing on the application was held on June 2(1, 1985 at which time the plaintiffs offered evidence to the effect that the property in question had become the subject of a Purchase and Sale Agreement on February 28, 1981, by the terms of which it was to be purchased by the plaintiffs as "tenants in common” or by their "nominee” for ¡5102,()()(), subject to their obtaining a mortgage in the amount of $145,900, at prevailing rate's. A mortgage was. in fact, obtained for $145,800 from .Northeast Savings, presumably at prevailing rates, and papers were passed on the property on or about June 5, 1984, with the plaintiffs taking title in their individual capacity as "tenants in common” and giving as "mortgagors”, a mortgage to Northeast Savings to secure payment of a $145,800 note, dated the saint' day, executed by them individually. On or about September 19, 1984 the plaintiffs conveyed the property to themselves, as trustees of the trust. The Declaration of Trust specifies that the plaint iffs, Joanne M. Kinehla and Michael Lebner each have a 50"„ beneficial interest in t he Trust. They lurt her alleged t hat t heir arrangement contemplated a 50 50 split with reference to contributions as well as profits and losses. However, aside from the trust instrument and copies of various utility bills indicating that charges for elect rieity and gas were billed t o Joanne Kinehla, no evidence was offered by the plaintiffs to demonstrate their actual relationship to the property, i.e., their legal rights and responsibilities with respect thereto. When questioned at the hearing, Joanne Kinehla alleged that *170 she had contributed fifty percent of the down payment on the property, but could not remember the exact amount of the down payment and could not, in fact, show any contributions by means of cancelled checks or receipts. The only evidence of any actual contribution by Joanne Kinchla was a cancelled check for a monthly mortgage payment, which was dated twelve days after the date of the application for the Certificate of Exemption. Joanne Kinchla alleged that she had collected the rents and that prior to March of 1985 had turned them over to Michael Lebner. Since that time she said that they were deposited to her own account. She also testified that she lived in the third floor apartment and took care of administrative matters and the books.
Michael Lebner testified that Joanne Kinchla took care of the property, dealt with the tenants and kept the books. He admitted to having an ownership interest in two other rental properties in Brookline with two other individuals whom he described as “partners”, and that each of these properties was also the subject of a separate application for a Certificate of Exemption. He also acknowledged that he basically owned and managed property in Boston and that he did not personally reside at 31 Perry Street, or at either of the other two properties.
The Board found inter alia that the plaintiff, Joanne Kinchla, had failed to support her claim of financial responsibility for the property “by any substantial evidence” that was credible and that she had failed to meet her burden of showing that she was the beneficial owner of the property. The Board further found that while she was the holder of record title to the subject property and resided there, she did so for the purpose of exempting the property from rent control and did not bear the financial responsibilities of ownership.
The Board made a determination as to various legal issues involved in the proceeding and concluded that in ascertaining whether a particular piece of property was, in fact, “an owner-occupied two or three family house” within the meaning of Section 3(b)(5) of Article XXXVIII of the Brookline Town By-Laws, it could look beyond record title. It further concluded that the term “owner-occupied” as used in Section 3(b)(5) refers to beneficial ownership and that record title is not necessarily dispositive of the issue. Finally, the Board ruled that in determining whether a property is owner-occupied it may look to the underlying economic reality of the situation. Predicated upon its findings of fact and rulings of law, the Board denied the application for a “Certificate of Exemption”.
The Plaintiffs sought judicial review of the Board’s action in the Brookline Division. The judge, however, affirmed the Board’s decision.
Clearly, the Board was correct in concluding that the term “owner-occupied two-family or three-family house” refers to beneficial ownership rather than legal ownership [Trovato v. Walsh, 363 Mass. 333, 535 (1973)]. Obviously, the record owner need not be the beneficial owner. The record owner may, in fact, be a so-called “straw” owner. Unquestionably, therefore, the Board has the right, if not the duty, to inquire beyond mere appearances and to determine the true beneficial ownership of the property. In making this determination, the Board, as sole fact finder, had the prerogative of assessing the credibility of all of the witnesses, and the right to disbelieve, in whole or in part, the testimony of any witness [Fisgeyer v. Brookline Rent Control Board, et al, 1983 Mass. App. Div. 357]. It should also be noted that due weight must be accorded to the experience, technical competence, and special knowledge of the Board, as well as to the discretionary authority conferred upon it. [G.L. c. 30A § 14(7), Kahn v. Brookline Rent Control Board, 394 Mass. 709 (1985)].
*171 Based upon the evidence taken during the hearing on the plaintiffs’ application, we believe that the Board could have reasonably concluded that Joanne Kinchla was nothing more than a “straw” owner of the property and that Michael Lebner was the true “beneficial owner” thereof. This is particularly true in light of his ownership of two other properties under similar circumstances and the simultaneous filing for Certificates of Exemption as to all three, with the applicant residing in none of the three. Keeping in mind that it is the applicant residing in none of the three. Keeping in mind that it is the applicant’s burden of showing entitlement to the Certificate of Exemption, we have no hesitation in concluding that the Board’s decision is supported by substantial evidence and we find no error of law in any of the legal determinations made by the Board as it relates to the issues of law presented in this case.
Parenthetically, however, we would hasten to note that while we do have some reservations about a broad application of the so-called “economic realities” test [Entis v. Brookline Rent Control Board, 1986 Mass. App. Div.-], we have no qualms about the Board’s authority to make factual determinations upon the basis of things as they are rather than upon the way things are made to appear.
The Board’s decision is supported by substantial evidence and there is no error of law evident from the record. The Board’s denial of the plaintiffs’ application for a Certificate of Exemption and the decision of the reviewing justice sustaining that decision are both affirmed.

 Art irle XXXVIII of l he By-Laws o! the Tow n of Brookline ( Bent <uuI Kviet ion Control By-Law).