Black, J.
This action seeks judicial review of a judge’s reversal of an order by the defendant, Brookline Rent Control Board (“the Board”) denying a Certificate of Exemption to the plaintiff, Angel Dopazo, with respect to the premises located at 36 Davis Avenue, Brookline, Massachusetts.
The record discloses that the plaintiff applied for a Certificate of Exemption with respect to the subject property on February 14,1985, on the basis that it was an “owner-occupied two-family or three-familyhouse” within the meaning of Section 3(b) (5) of Article XXXVIII of the By-Laws of the Town of Brookline, commonly referred to as the “Rent and Eviction Control By-Law.” A hearing on the application was scheduled for May 13, 1985, at which time the pliantiff testified that he and his wife, Carmen, had purchased the 36 Davis Avenue property on July 1,1974, as tenants by the entirety. Prior to its purchase by the plaintiff and his wife, 36 Davis Avenue had been owner-occupied and, therefore, not under rent control. Following its acquisition, the plaintiff and his wife used 36 Davis Avenue as their residence until August of 1978, at which point they obtained a single-family house located at 22 Greenough Street. After vacating the 36 Davis Avenue property, the plaintiff failed to register it with the Rent Control Board. It was finally registered as a four-unit building in February, 1983. The Brookline Building Department, however, declared the second-floor studio to be an illegal dwelling unit and the Dopazos’ were ordered to correct the condition by October of 1983.
As a result of marital difficulties, the Dopazos’ separated. The plaintiff returned to 36 Davis Avenue on or about June 1,1983, with his wife, Carmen, continuing to reside at 22 Greenough Street. The plaintiff notified the Rent Control Board in writing that 36 Davis Avenue was hence forth to be his place of residence. Two of the units located at 36 Davis Avenue were rented and the plaintiff occupied the third unit. The plaintiff futher testified that while he and his wife had lived at the Greenough Street address, the tenants at 36 Davis Avenue had mailed their rent checks to both he and his wife addressed to their Greenough Street residence. Following their separation, rent checks from 36 Davis Avenue continued to be sent to Greenough Street payable to both the plaintiff and his wife. She kept the books for this property. These checks were deposited to a joint account maintained by the plaintiff and his wife, from which payments were made for the operational expenses of the 36 Davis Avenue property. Copies of various billings to the plaintiff and his wife were introduced into evidence along with a copy of the cancelled bank check *94 for the December, 1986, mortgage payment drawn upon their joint account. The plaintiff also testified that he handled maintenance and repairs at 36 Davis Avenue and that the only time he was away from the premises for any period of time after June 1, 1983, was for summer vacations. The plaintiff acknowledged that he was not sure how his wife handled tax returns with respect to the property, but he believed that they filed separately and that she might very well be taking business deductions for the property. Finally, the plaintiff introduced into evidence copies of various billings to him personally for telephone and gas for April and May, 1985, indicating that 36 Davis Avenue was his residence at the time of the hearing on his application for a Certificate of exemption.
At the request of one of the tenants, a second hearing was held on July 16, 1985. At that time, the tenant stated that she had signed a lease with Carmen Dopazo, not the plaintiff, for her apartment. A copy of the lease verifying this fact was introduced into evidence. She further testified that she contacted the plaintiffs wife when repairs to her apartment were needed, although she acknowledged that the plaintiff actually did the repairs himself. She also testified that she had contacted the Health Department about code violations in June of 1985 and that the Health Department regarded Carmen as the owner. She stated that she infrequently saw the plaintiff at 36 Davis Avenue. The plaintiff, however, elicited testimony from the tenant to the effect that she worked from 7 p.m. to 7:30 a.m. He testified in his own behalf that he worked at his own business from 7:30 a.m. to 4 p.m. and has a nightclub where he frequently works at night.
As a consequence of the hearing, the Board made the following findings of fact:
1. 36 Davis Avenue currently consists of three residential units — a basement/studio unit and one dwelling unit each on the first and second floor of said property.
2. Said property was purchased by Carmen and Angel Dopazo as tenants by the entirety by deed recorded at Norfolk Registry of Deeds on July 1,1974.
3. Carmen and Angel Dopazo occupied the first floor and basement of said property as their principal residence until August, 1978 at which time they purchased and moved into a single-family house at 22 Greenough Street.
4. At the request of the office staff, 36 Davis Avenue was registered with Rent Control as a four-unit building in February, 1983.
5. On September 3,1983, the Brookline Building Department declared the second-floor studio at 36 Davis Avenue to be an illegal dwelling unit and ordered the Dopazos’ to remove the kitchen facility from said unit and the larger second-floor unit, work to be completed by October 9,1983.
6. As a result of marital difficulties, Angel Dopazo moved from 22 Greenough Street to 36 Davis Avenue on or about June 1,1983. Carmen Dopazo continued to reside at 22 Greenough Street after her husband’s move to 36 Davis Avenue.
7. Although Mr. Dopazo provided conflicting testimony as to what part of 36 Davis Avenue he occupied in June, 1983 and what part he currently occupies, the evidence and testimony offered by him and on his behalf at both hearings on the matter indicate that .on or about June 1, 1983, he established his principal place of residence at 36 Davis Avenue, either on a portion of the first floor or in the basement studio.
8. The tenants in Unit #1 and Unit #2, 36 Davis Avenue do not pay rent to Mr. Dopazo. Rent checks for those units are made payable and sent to Carmen Dopazo at 22 Greenough Street.
9. Tenant Patricia Schwarzkopf (Unit #1) testified that she contacts *95 Carmen Dopazo for all maintenance and repair problems in her apartment.
10. Angel Dopazo failed to establish what portion, if any, of the responsibilities of ownership of 36 Davis Avenue he has assumed, including payment of the mortgage debt, real estate taxes and insurance fees.
11. The Board finds that Angel Dopazo is not a beneficial owner of 36 Davis Avenue, but an owner in name only.
12. The Board finds that Angel Dopazo holds record title and resides at the property for the purpose of exempting said property from rent control, but does not carry enough of the significant burdens and responsibilities of ownership to qualify as a “true” owner.
13. The Board finds that 36 Davis Avenue is not an owner-occupied three-family house in accordance with Section 3(b) (5) of Article 38 of the By-laws of the Town of Brookline.
In addition the Board made the following Determination of Issues of Law.
1. In determining whether a property is an owner-occupied two or three-family house in accordance with Section 3 (b) (5) of Article 38, the Board looks beyond record title since looking soley at record ownership would encourage a non-occupant landlord to evade rent control. See Trovato v. Walsh, 363 Mass. 533,536 (1973).
2. The term “Owner-occupied” in Section 3(b) (5) of Article 38, refers to beneficial ownership. Trovato v. Walsh, 363 Mass. 533, 536 (1973).
3. In resolving the question of owner-occupance, record title is not dispositive, Wood-Dyer v. Brookline Rent Control Board, Brookline Municipal Court No. 81041 S (1981), affirmed 1983 Mass. App. Div. 50.
4. In determining whether a property is an owner-occupied two or three-family house in accordance with Section 3(b) (5) of Article 38, the Board looks to the underlying economic reality of the situation. Wood-Dyer v. Brookline Rent Control Board, Brookline Municipal Court No. 81041 S (1981), affirmed, 1983 Mass. App. Div. 50.
As Order of Denial of Certificate of Exemption was entered December 3,1985.
Upon review by a justice of the Brookline Division, the Board’s decision was reversed and remanded to the Board for allowance of the plaintiffs application. In his Memorandum of Decision, the judge concluded that the Board’s finding #11, that the plaintiff is not the beneficial owner of 36 Davis Avenue, but owner in name only, is not supported by substantial evidence and is inconsistent with other findings.
Although not squarely raised by either the Determination of Issues of Law made by the Board in this case, or by the Memorandum of Decision by the judge in the Brookline Division, in light of the statement contained in the Board’s factual determination #12 that the plaintiff did not carry “enough of the.significant burdens and responsibilities of ownership to qualify as a ‘true owner’”, we believe that a clear understanding of the meaning of section 3(b) (5) of the Brookline Rent Control Law is essential to a proper resolution of this appeal. Specifically, section 3(b) (5) provides for exemption of “owner-occupied two-family or three-family house(s)” from the provisions of the By-Law. It has been already established that section 3(b) (5) refers to the “beneficial o'wnef’Trovato v. Walsh, 363 Mass. 533 (1973), Kinchla v. Brookline Rent Control Board 1986 Mass. App. Div. 169, rather that the record owner, who may be nothing more than a “straw”. As we have previously stated, the Board has the right and probably an affirmative duty to look beyond mere appearances to determine the true beneficial owner of any given property Kinchla, supra. On the other hand, this case would seem to raise an issue not heretofore addressed by this court. Namely, must a person who is a resident *96 owner of property share a specific portion of the rights and obligations with respect to such property with any co-owner in order to be regarded as a “beneficial owner”. We think not. In other words, where a piece of property is jointly owned by one or more persons, one of whom is a resident owner, that person need not be the person who has dominant control over the property. So long as the resident owner is a bona fide owner of the property, having substantial rights and obligations with respect thereto, such person may qualify as “beneficial owner”. Parenthetically, we understand from oral arguments in this case that amendments or modifications to section 3(b) (5) have been offered at previous Brookline Town Meetings which would have imposed further restrictions upon who could be regarded as a “beneficial owner”, but, to date, none of these proposals have been adopted. Of course, a record owner who shares few, if any, of the responsibilities of ownership may, in fact, be nothing more than a so-called “straw”. Essentially, such a determination is a factual one to be made by the Board, but it should be made clear that under section 3(b) (5), as presently worded, the Board may not require that the resident owner share any particular portion of those responsibilities, as seems to be suggested by its finding of fact #12. We do not necessarily find that the Board has misapplied the law in this case, but its denial of the application for a Certificate of Exemption in light of the uncontroverted evidence in the record, raises that distinct possibility.
In this connection, the evidence is uncontroverted that the plaintiff and his wife acquired 36 Davis Avenue as tenants by the entirety that they executed a note and gave a mortgage securing its payment on which they are jointly liable. The rents for the two rental units, while mailed to the plaintiffs wife, are deposited in a joint account from which the operating expenses relating to the property are paid. Although the plaintiffs wife seems to be the contact point between the tenants and various town agencies, the plaintiff personally handles the repairs.
Clearly, it is the prerogative of the Board, as sole fact finder,to assess the credibility of all the witnesses, and to believe or disbelieve, in whole or in any part, the testimony of any witness, Fisgeyer v. Brookline Rent Control Board, 1983 Mass. App. Div. 357. However, most of the exhibits introduced into evidence in this case relating to the plaintiffs ownership responsibilities were uncontroverted. Although it is obvious from the record that the plaintiff was not the person who shouldered.the bulk of the management responsibilities, a finding that he is not a beneficial owner and is an owner in name only is neither supported by substantial evidence in the record nor by the Board’s own subsiding findings of fact.
For example, the Board found as a fact that the plaintiff moved to 36 Davis Avenue on or about June 1, 1983, “as a result of marital difficulties” (finding #6) and that “he established his principal place of residence at 36 Davis Avenue” on or about the same date (finding #7). The Board then went on to find that he was not a beneficial owner, but an owner in name only (finding #11). Findings #6 and #7 clearly are inconsistent with finding #11, and cannot co-exist.
Finally, we note that while due weight must be given to the experience technical competence, and special knowledge of the Board, as well as to the discretionary authority conferred upon it (G.L. c. 30A § 14(7) Kahn v. Brookline Rent Control Board, 394 Mass. 709 (1985), this does not materially alter the requirement that the Board’s decision be supported by substantial evidence and not be based upon any error of law. And, as pointed out by the *97 judge who initially reviewed this matter in the Brookline Division, while “ [T]he Board suggests that its resolution of this factual issue should be adopted because it promotes the objective of rent control, Martin v. Rent Control Board of Cambridge, 19 Mass. App. Ct. 745, 748 (1985),.. . the exemption of owner-occupied three-unit residences from rent control is a firmly established, equally important objective of the ordinance”.
For the reasons stated, the decision of the judge in the Brookline Division reversing the Board’s denial of the Certificate of Exemption and remanding the case to the Board for allowance of the plaintiffs application is affirmed.