Black, P.J.
This is an appeal from a decision by the trial judge reversing the Brookline Rent Control Board’s denial of the plaintiffs application for a removal permit under section 9A(1) of the Brookline Rent and Eviction Control by-law.
The appellate record discloses that the plaintiff, Eric K. Orne, filed an application for a removal permit on August 20, 1986, with reference to the premises located at 206 Kent Street, Brookline, known as Unit 46. In his application, the plaintiff stated that the corporation of which he was then President ánd he had purchased the apartment in question on May 18,1981, for his use When in Boston and for use by the company’s sales representatives. He further noted that his legal residence had been located in Florida since 1976 and that because he intended to retire shortly he wanted to sell the unit. In a supplemental affidavit, he stated that the corporation had taken title for tax purposes only and that since acquisition of the property only he and his wife had ever resided in the unit.
A hearing on the Application was held on June 10,1987, following which the Board denied the removal permit, making the following findings of fact and rulings of law:

FINDINGS10F FACT

1. Unit 46, 205 Kent Street is a condominium unit.
2. Syndicated Ad Features, Inc., purchased said unit from the developer, Irma Fishman, by deed recorded June 6, 1981.
3. At the time of purchase, Eric Orne owned 100% of the stockin Syndicated Ad Features, Inc., and was Treasurer and President of said corporation.
4. Syndicated Ad Features, Inc., and Eric Orne, individually signed mortgage notices to Irma M. Fishman and the Brookline Savings Bank for the purchase of said unit.
6.In 1973, Eric Orne transferred 10% of the stock of Syndicated Ad Features to his daughter Ellen Orne and 10% to his son Howard Orne and in 1977, his sales manager, David Margolis, purchased 10% of the stock.
6. Eric Orne and his wife, Ruth, have been legal residents of Florida since 1976.
7. Syndicated Ad Features purchased said unit in order for Eric and Ruth Orne to usp when in Boston.
8. Eric and Ruth Orne have spent less than 20 nights per year in 206 Kent Street, Unit #45 since their purchase of the unit in June, 1981.
9. Unit #45,206 Kent Street has not been rented nor occupied by anyone but *79 Eric and Ruth Orne since their purchase of the unit in June, 1981.
10. Eric Orne did not own and occupy Unit #34, 205 Kent Street, as his principal place of residence prior to May 15,1982.

DETERMINATION OF ISSUE OF LAW

In order to be eligible for “amnesty” pursuant to Section 9A(1) of Article 38, does the owner-occupant have to own and occupy the condominium unit as his principal place of residence prior to May 15,1982?
The plaintiff filed a petition for judicial review of the Board’s decision pursuant to G.L. c. 30A, § 14, and Article XXXVIII10(4) of the Brookline Rent and Eviction Control By-Law. The trial judge, by Memorandum of Decision dated March 17, 1988, entered judgment on March 23, 1988, reversing the Board’s denial of the plaintiffs application. The trial judge pointed out that Section 9A(1), of the By-Law, upon which the Board had relied, contains no requirement that the unit be the owner’s “principal place of residence.” Therefore, he concluded that the Board had improperly construed the By-Law in denying the plaintiffs application.
Clearly, the trial judge was correct. Section 9A(1) of the By-Law specifically provides that: “(1) The Board shall grant a permit to a condominium owner or cooperative owner who both ownedandoccupied his condominium unit or cooperative unit on or before May 15,1982.”
The By-Law neither expressly nor implied requires that the unit which is the subject of the application be the owner’s principal place of residence. As noted, by the trial judge “ [Tjthat provision was enacted by the municipal legislature to protect those who, in an era of developing condominium conversion controls, had bought units for their own use in ignorance of the reach of the prohibition against removing units from rental housing use without a permit.”'
While due difference must be accorded to the Board’s construction of the ordinance which it is enforcing (Dopazo v. Brooklione Rent Control Board, 1987 Mass. App. Div. 93, 96), as well as to its experience and expertise in rent control matters (Kahn v. Brookline Rent Control Board, 394 Mass. 709 (1985)), the words used in the By-Law are clear and unambiguous, so that there is no occasion for statutory construction (Entis v. Rent Control Board of Brookline, 399 Mass. 1558, 164 (1987)). We also agree with the trial judge’s conclusion that while identical words in a statute ought to be given similar construction, a close examination of the By-Law shows that the context of owner-occupancy is expressed somewhat differently in each place it occurs and the exemptions created are obviously intended to serve wholly different purposes. In the context of Section 9A(1), the exemption was created as an “amnesty” provision solely to relieve good-faith purchase of condominiums for non-commercial use who were unaware of the limitations contained in the By-Law. Therefore, neither the literal language of Section 9A(1), nor the purpose for which the exemption appears to have been created, support the Board’s interpretation of this particular section of the By-Law to require that the premises be the owner’s principal place of residence. Parenthetically, we would note that based upon the official record of the hearing, there appears to be no serious dispute that the plaintiff is the “owner” of the condominium unit in question in that he is the person with the beneficial interest, even though title was originally taken in the name of the corporation of which he was the controlling stockholder (see, Trovato v. Walsh, 363 Mass. 533, 535-36 (1973) e.f. Kinchla v. Brookline Rent Control Board, 1986 Mass. App. Div. 169, 170-71).
Consequently, the trial judge’s reversal of the Board’s denial of the plaintiffs *80 application for a removal permit is affirmed. It is, therefore, ordered that the Board issue the removal permit forthwith, subject of course, to any further appellate review.